OPINION OF THE COURT
Shirley R. Levittan, J.
The court has thoroughly inspected the Grand Jury minutes and finds that the evidence before the Grand Jury was legally sufficient to support the charges.
Defense counsel has submitted a supplemental affirmation to further buttress his applications contained in his notice of motion, dated April 5, 1978. The relief requested in the subsequent affirmation is threefold. First, in support of defendant’s motion to inspect and dismiss, defense counsel raises the issue that based on documents and conversations, it is his belief that there was insufficient evidence to support the charges of sexual abuse in the first degree, and felony murder (the underlying felony being sexual abuse in the first degree).
Defense counsel’s reliance on the definition of sexual conduct contained in section 130.00 of the Penal Law as it relates to section 130.65, the crime of sexual abuse in the first degree, is misplaced at this time. The evidence adduced in the Grand Jury is sufficient at this stage in the proceedings to withstand a pretrial attack. The merits of the case re: whether each element of the charge was proven beyond a reasonable doubt are to be left for the jury’s determination at trial, and not by the court in a pretrial motion.
Secondly, the defendant requests a motion to suppress any and all physical evidence based on the fact that the police did not have probable cause to make the arrest. A hearing on such motion appears to be necessary to resolve the factual discrepancies that are apparent from the defendant’s moving papers and the People’s answering papers.
However, the court wishes to make clear that even though a hearing on the motion to suppress physical evidence is granted, defense counsel should be fully aware that this court in no way agrees with counsel’s interpretation of the recent Court of Appeals companion cases of People v Payton and People v Riddick (45 NY2d 300). Defense counsel claims that assuming the police did have probable cause to arrest the defendant, they violated the Fourth Amendment rights of the defendant by not securing a warrant. Counsel argues that *412 no exigent circumstances, such as "hot pursuit,” existed so as to except the officers from the constitutional requirement of obtaining a warrant, thereby making the arrest unconstitutional. The very first paragraph of the Payton opinion states (p 305): "We hold that an entry made for the purpose of effecting a felony arrest within the home of the person to be arrested by a police officer who has entered without permission of the owner, if based on probable cause, is not necessarily violative of the constitutional right to be secure against unreasonable searches and seizures even though the arresting officer has not obtained a warrant and there are no exigent circumstances. ” (Emphasis added.)
Thirdly, defendant, relying on a recent Supreme Court decision, Franks v Delaware (438 US 154), asks this court to conduct a hearing to determine the veracity of statements used in the affidavit submitted to secure the search warrant. If the statements were shown to be false and material, then the probable cause required for the issuance of the warrant would be lacking and the evidence seized as a result would have to be suppressed. This court would not presuppose whether defense counsel’s reliance on the Franks case is based on his reading of the entire case or of the New York Times article submitted to the court with defendant’s moving papers. However, a complete reading of the case clearly indicates that a hearing is not mandated on the facts of the present case. "To mandate an evidentiary hearing, the challenger’s attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required.” (Franks v Delaware, supra, pp 171-172.)
*413 Defense counsel urges this court to conduct a hearing on the naked allegations that defendant denied making a statement to a confidential informant; that the defense is possibly aware of who this informant is, and during a defense interview the witness "did not say that the defendant ever made any such admission as set forth in the affidavit in support of the search warrant.” Affidavits from the defendant and/or the witness interviewed are conspicuously missing from defendant’s moving papers. Even without the affidavits, proper showing could have been made if their absence could be satisfactorily explained.
In addition, defense counsel makes a conclusory statement accusing the affiant of knowing that the statement made by the informant was false, or at least alleged in the affidavit with a reckless disregard for the truth, with no offer of proof whatsoever supporting said accusation. The court in Franks, quoting Judge Frankel in United States v Halsey (257 F Supp 1002, 1005 [SONY 1966], affd US Cir Ct of Appeals [2d 1967]), was quite clear on this point. " '[W]hen the Fourth Amendment demands a factual showing sufficient to comprise "probable cause,” the obvious assumption is that there will be a truthful showing.’ This does not mean 'truthful’ in the sense that every fact recited in the warrant affidavit is necessarily correct, for probable cause may be founded upon hearsay and upon information received from informants, as well as upon information within the affiant’s own knowledge that sometimes must be garnered hastily. But surely it is to be 'truthful’ in the sense that the information put forth is believed or appropriately accepted by the affiant as true.” (Franks v Delaware, supra pp 164-165.)
This court is aware of the fact that the informant was made available to the issuing Judge for any questioning the Judge deemed necessary. This fact is relevant to the accusation of bad faith on the affiant’s part.
Accordingly, the motion for a hearing on the issue of the veracity of the statements submitted in support of securing a warrant is denied.
[Additional material omitted for purposes of publication.]